IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-60377

_____

SIRRINE BUILDING NO 1, M Allen Winter,
Tax Matters Partner

                                        Petitioner-Appellant,

                        versus

COMMISSIONER OF INTERNAL REVENUE

                                        Respondent-Appellee.

_____

Appeal from the United States Tax Court
                (7211-93)
_____

June 3, 1997

Before REYNALDO G. GARZA, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

        M. Allen Winter, Jr., the tax matters partner of Sirrine Building No. 1, appeals the dismissal as moot of his petition for redetermination of the Commissioner's final partnership administrative adjustment. Because we find that all partnership items had been converted to nonpartnership items, leaving nothing for the district court to determine, we affirm the dismissal of the petition as moot.

_____

        [*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

In 1979, the Sirrine Building No. 1 Partnership was formed for the purpose of procuring a tract of land and constructing a building. The Partnership pursued the development with the aid of a $7 million loan from Travelers Insurance Co. In October 1981, the Partnership sold the development to Western Institutional Properties Trust for $11,247,463.58. Western paid the Partnership $2,265,000 in cash and executed a promissory note for $8,982,463.58. The promissory note included a $2 million equity portion which bore no interest and was due February 1, 1982, as well as the underlying indebtedness of the Partnership to Travelers. Western was to make payments to the Partnership in the amount of the Partnership's indebtedness to Travelers.

Upon paying off the $2 million equity portion in 1982, Western elected to cancel the promissory note and assume the Partnership's liability on the underlying debt to Travelers. In other words, in 1982, the Partnership received the remaining amount due from the sale of the development.

The Partnership reported the sale on its 1981 partnership return using the installment method, deferring a substantial portion of the gain from the sale. Despite the receipt of the entire purchase consideration in 1982, the Partnership continued to report the sale under the installment method in 1982, 1983, and 1984. The Partnership did not file a return in 1985.

In January 1993, the Commissioner determined that the Partnership had failed to file a return in 1985 listing the remaining $3,514,339 gain from the sale of its asset. Because of the Partnership's failure to file a return, the Commissioner issued a Notice of Final Partnership Administrative Adjustment (FPAA), asserting that the Partnership should have reported the gain in 1985. The Partnership filed the instant petition in the Tax Court requesting a redetermination of the FPAA. The Partnership subsequently filed a motion to dismiss for lack of jurisdiction on the grounds that the Partnership terminated in 1982, was not required to file a partnership return for 1985, and therefore the FPAA that formed the basis of the petition was invalid. The Tax Court denied the motion to dismiss, finding that the Partnership had not terminated by 1985.

All of the partners subsequently entered into settlement agreements with the Commissioner. Winter, however, refused to agree to the entry of a consent judgment consistent with the settlement agreements. Unable to achieve a consent judgment without Winter's agreement, the Commissioner then moved for the petition to be dismissed as moot. The Tax Court found that because all partnership items had been converted to nonpartnership items by the settlements, there was nothing more for the court to determine and dismissed the petition as moot.

As the tax matters partner, Winter appeals the dismissal of the petition. He claims that the Tax Court erred in finding the

4

petition to be moot and that he should be able to challenge the Tax Court's finding that the Partnership existed in 1985.

If an administrative audit of a partnership results in any adjustments to partnership items, the Commissioner must mail to the partners an FPAA reflecting the determinations. In response to the FPAA, the tax matters partner may file a petition in the Tax Court seeking redetermination of the partnership adjustment. I.R.C. § 6226(a)(1). A petition for redetermination of an FPAA seeks to declare partnership-level obligations. The scope of judicial review of adjustments made to a partnership return is limited to the determination and allocation between partners of "partnership items." I.R.C. § 6226(f).

In the present case, the FPAA asserted that the Partnership had failed to report approximately $3.5 million in capital gains. The individual partners, including Winter, eventually entered into settlement agreements with the Commissioner. As a result of settlement, a partner's partnership items are converted to nonpartnership items, I.R.C. § 6231(b)(1)(C), and the partner is no longer party to the redetermination action. See I.R.C. § 6226 (d)(1)(A). The Tax Court reasoned that because all of the partners settled their shares of the Partnership's liability, it had no partnership items to determine and the petition was mooted.

Settlement of a dispute generally renders moot any case growing out of that dispute, even if the parties remain at odds over the particular issue they are litigating. ITT Rayonier, Inc. v. United States, 651 F.2d 343 (5th Cir. 1981). Winter claims,

6

however, that this court should review the Tax Court's interlocutory order finding that the Partnership existed in 1985. Importantly, Winter does not claim that the individual partners' settlements were contingent on a finding by this court that the Partnership was in existence in 1985. Nor does he claim that a finding by this court would affect the resolution by settlement of this action. Winter urges this court to review the order because it may have a collateral effect in a refund action instituted by the individual partners.

None of the partners have filed a refund action and the collateral effect of the interlocutory order is disputed. The benefit of a ruling by this court on the merits of the interlocutory order is therefore too speculative to justify the use of judicial resources. For this reason, we affirm the district court's dismissal of this action as moot and decline to review the Tax Court's finding that the Partnership existed in 1985.

### III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.